[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13281
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-14089-KMM-1


HIPOLITO ALEJANDRO FELIX,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 15, 2017)

Before HULL, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Hipolito Alejandro Felix, proceeding pro se on appeal, appeals from the denial of his "Motion for Review of the Unlawful Sentence in the Above Styled Action, Pursuant to 18 U.S.C. § 3742(a)(1)." The district court construed the motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and denied it for lack of subject matter jurisdiction. On appeal, Felix argues that the district court failed to look beyond the label of his motion, violated his due process rights, lacked jurisdiction to hear the case, and committed manifest injustice. After thorough review, we affirm.

## I.  BACKGROUND

### A.    Underlying Criminal Case

On November 18, 2010, a federal grand jury returned an indictment charging Felix with: (1) attempting to employ, use, persuade, induce, entice, and coerce a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) ("Count One"); (2) knowingly persuading, inducing, enticing, and coercing a minor to perform sex acts, in violation of 18 U.S.C. § 2422(b) ("Count Two"); and (3) knowingly transferring obscene matter to another individual under the age of sixteen years, in violation of 18 U.S.C. § 1470 ("Count Three"). On January 3, 2011, pursuant to a written plea agreement, and having conferred with his lawyer, Felix pled guilty to Count One. In return, the government agreed to dismiss Counts

2

Two and Three of the indictment and to request a three-level reduction to Felix's advisory guidelines range for acceptance of responsibility.

In conjunction with the plea agreement, Felix and the government submitted a statement of stipulated facts to which Felix agreed. The stipulated facts described at length Felix's attempts to convince his 15-year-old foster daughter to send sexually explicit pictures of herself to Felix. From at least December 2009 to January 14, 2010, Felix sent his foster daughter text messages—occasionally including sexually explicit photos of himself—and requested that his foster daughter send sexually explicit photos back to him.

More specifically, per the stipulated facts, on January 19, 2010, Detective Sheila LaGrega of the Port St. Lucie Police Department began an investigation into inappropriate text messages sent to a 15–year–old female who was identified as "AB." United States v. Felix, 497 F. App'x 942, 944 (11th Cir. 2012) (per curiam) (unpublished). AB advised LaGrega that she had received sexually explicit text messages on her cell phone from a Yahoo! user named "tania_hot69." Id. LaGrega reviewed the contents of AB's cell phone and discovered messages from "tania_hot69" that contained sexually explicit pictures of Felix and requests for similar photos from AB. Id. LaGrega also discovered that AB sent sexually explicit photos of herself in return to "tania_hot69." Id. AB asked "tania_hot69" to identify himself or herself and received a response that the user was Felix. Id. LaGrega

3

later interviewed Felix, who admitted that he created the "tania_ hot69" Yahoo! username and sent text messages to AB using that username. Id.

## B.    Sentencing

Following Felix's guilty plea, the probation officer prepared a presentence investigation report ("PSI"). The PSI detailed the text messages that Felix sent his foster daughter, including messages in which Felix told his foster daughter that he wanted to have sex with her. According to the PSI, Felix told law enforcement that he sent between 50 and 100 text messages to his foster daughter. After setting forth Felix's total offense level and criminal history category, the PSI recommended an advisory guidelines range of 180 to 210 months' imprisonment. Felix did not object to the PSI's advisory guidelines range calculation.

On February 28, 2011, the district court held a sentencing hearing and heard argument from Felix's lawyer and from the government. Following argument, the district court adopted the PSI's undisputed advisory guidelines range and sentenced Felix to 180 months' imprisonment, the low end of that range.

## C.    Felix's Attempted Plea Change and Direct Appeal

On March 8, 2011, Felix filed a pro se motion to withdraw his guilty plea, stating that he was now "ready for trial." The district court denied Felix's motion as both procedurally barred under Federal Rule of Criminal Procedure 11(e) and otherwise unmeritorious.

On March 10, 2011, Felix filed a counseled appeal of his conviction, arguing that the magistrate judge committed plain error by not fully advising him of the charges prior to his guilty plea. In November 2012, this Court affirmed Felix's conviction, reviewing the plea colloquy and concluding that there was ample support for the magistrate judge's finding that Felix understood the facts to which he was admitting and that there was no plain error in the plea colloquy. See Felix, 497 F. App'x at 951.

## D.    First Motion to Vacate Under 28 U.S.C. § 2255

On December 4, 2013, Felix filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In a supporting letter, Felix stated that he pled guilty "knowing [he was] not guilty" because his trial lawyer told him that he would otherwise receive a life sentence.

Felix also filed a supporting memorandum arguing that his trial lawyer provided him with ineffective assistance of counsel. Specifically, Felix argued that his cell phone number was not the cell phone number linked to the sexually explicit text messages but that his trial lawyer failed to investigate this discrepancy. Felix argued that his trial lawyer's failure to investigate "caused [Felix] to enter an unknowing, unintelligent, and an involuntary plea of guilty."

On October 1, 2014, a magistrate judge recommended that Felix's § 2255 motion be denied because Felix had shown neither deficient performance on the

5

part of his trial lawyer nor prejudice on account of that performance. On October 21, 2014, the district court accepted the magistrate judge's recommendation and denied Felix's § 2255 motion. Felix did not appeal.

## E.    Successive § 2255 Motions

On November 3, 2014, Felix filed a pro se motion titled, "Defense Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4)." In the motion, Felix raised a series of claims concerning a coerced confession, an involuntary guilty plea, a fraud on the court, and an absence of jurisdiction, among other claims. A magistrate judge reviewed Felix's motion, construed it as a second § 2255 motion because it sought to vacate Felix's sentence, and recommended that the motion be denied for want of jurisdiction, having been filed without leave from this Court to do so. On December 29, 2014, the district court accepted the magistrate judge's recommendation and denied Felix's motion. Felix did not appeal.

On January 20, 2015, Felix filed another pro se motion, titled, "Motion for Review of Sentence Pursuant to U.S.C. § 3742(a)(l)," disputing the legality of his guilty plea. Felix again asserted that his trial lawyer's ineffective assistance deprived him of due process and rendered his guilty plea invalid. Upon recommendation from the magistrate judge, the district court determined that Felix sought to vacate his sentence, construed Felix's motion as a successive § 2255

motion, and accordingly denied the motion for want of jurisdiction. Felix again did not appeal.

## F.    The Instant Motion

On June 18, 2015, Felix filed the instant pro se motion, titled "Motion for Review of the Unlawful Sentence in the Above Styled Action, Pursuant to 18 U.S.C. § 3742(a)(1)." In the motion, Felix argued that the grand jury charged him in Count Two with persuading, inducing, enticing, and coercing a minor to perform sex acts, in violation of 18 U.S.C. § 2422(b). Felix suggested that, per the factual allegations in the indictment, he had in fact been charged with "Rape and Rape in the Second Degree," in violation of 18 U.S.C. §§ 2031 and 2032. Because Congress repealed these statutes (§§ 2031 and 2032) in November 1986, Felix argued that the district court lacked jurisdiction to consider his case under the criminal statutory scheme.

Felix also argued that the government was "circumventing" the repeal of §§ 2031 and 2032 by prosecuting him under 18 U.S.C. § 2242(b) and that the government was "usurp[ing] jurisdiction" to attempt to "regulate primary conduct directly . . . within the state borders of Florida," in violation of Congress's Commerce Clause Power. Felix asked the district court to accordingly "review" his unlawful sentence and "dissolve" his case.

7

On July 8, 2015, the district court entered a paperless order denying Felix's motion for lack of jurisdiction. The district court construed Felix's filing as a motion to vacate under § 2255 because the relief sought—an order "dissolving" the sentence on the ground that it was imposed in violation of the Constitution or laws of the United States—was "precisely the type of collateral attack on a conviction and sentence contemplated by § 2255." The district court then noted that, because Felix already filed a first § 2255 motion on December 4, 2013, he had to first obtain authorization from this Court before filing the June 18, 2015 § 2255 motion. See 28 U.S.C. § 2255(h). And because Felix did not do so, the district court determined that it was without jurisdiction to address the June 18, 2015 § 2255 motion and denied it.[1]

On July 20, 2015, Felix timely appealed pro se.

## II.  DISCUSSION

### A.    Relevant Law

Following direct appeal, a federal prisoner seeking to challenge his conviction and sentence "typically must collaterally attack [them] through a 28 U.S.C. § 2255 motion." Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir.

---

[1]The district court also determined that Felix had not made a substantial showing of a denial of a constitutional right and was not otherwise entitled to a certificate of appealability under 28 U.S.C. § 2253(c).

2014).[2] Only a single § 2255 is allowed, and successive attempts at relief are limited. Id. A second or successive § 2255 motion cannot be considered by the district court unless it has been certified by this Court as containing either: (1) newly discovered evidence that, viewed in light of the evidence as a whole, establishes by clear and convincing evidence that no reasonable factfinder would find the defendant guilty or (2) a new retroactive rule of constitutional law that was not previously available to the defendant. 28 U.S.C. § 2255(h); Boyd, 754 F.3d at 1301. Without such certification, the district court lacks jurisdiction to consider a second or successive § 2255 motion and must dismiss it. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). The phrase "second or successive" is not self-defining and does not refer to all habeas petitions filed second or successively in time. Boyd, 754 F.3d at 1301. However, if the defendant "could have raised his or her claim for relief in an earlier filed motion" but failed to do so "without a legitimate excuse," the bar on second or successive § 2255 motions applies. Id.

---

[2]"We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive." McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).

**B.    Felix's Motion Was a Successive § 2255 Motion Filed without Leave of This Court**

Here, the district court did not err in construing Felix's June 18, 2015 motion as a successive § 2255 motion.  Although the motion was labeled as a "Motion for Review of the Unlawful Sentence in the Above Styled Action, Pursuant to 18 U.S.C. § 3742(a)(1)," Felix sought to challenge the validity of his 2011 conviction and sentence by challenging the district court's jurisdiction over the originally charged offenses and by questioning the constitutionality of the alleged statutory charging scheme. This is the type of collateral attack contemplated by § 2255. See 28 U.S.C. § 2255(a); see also Holt, 417 F.3d at 1175 ("Because, in the instant case, [the defendant] is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255."). Because Felix's challenge in the instant motion is thus a collateral attack on his conviction and sentence, the district court properly construed Felix's motion as an additional, and therefore successive, § 2255 motion.

The district court also did not err in denying Felix's motion for want of jurisdiction. It is undisputed that Felix's claims in the instant § 2255 motion—that his conviction was based upon a faulty indictment, that the district court lacked jurisdiction to impose the sentence, and that the conviction and sentence are unconstitutional—could have been raised in his initial December 4, 2013 § 2255

10

motion. See Boyd, 754 F.3d at 1301. However, Felix did not do so and does not offer an explanation as to why he did not.

Felix's stated theory of relief under § 3742(a)(1) also does not otherwise apply here because that statute governs direct appeals and because Felix's direct appeal was considered and decided by this Court in 2012. See 18 U.S.C. § 3742(a)(1); see also Felix, 497 F. App'x at 951.

Because Felix was required to obtain this Court's permission before filing the instant motion yet failed to do so, the district court lacked subject matter jurisdiction over his claims and appropriately denied the motion. 28 U.S.C. § 2255(h); Holt, 417 F.3d at 1175.

### III.  CONCLUSION

For all of the above reasons, we affirm the district court's denial of Felix's motion.

**AFFIRMED.**

11