[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15643

_____

D.C. Docket Nos. 1:11-cv-00136-DHB-WLB; 1:98-cr-00012-DHB-WLB-3

STEVEN BERNARD BOYD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 18, 2014)

Before TJOFLAT, Circuit Judge, and MOORE[*] and SCHLESINGER,[**] District
Judges.

_____

[*] Honorable K. Michael Moore, United States District Judge for the Southern District of Florida,
sitting by designation.
[**] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

MOORE, District Judge:

Appellant Steven Boyd ("Boyd"), a federal prisoner, is appealing the denial of his fourth-in-time 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence from the Southern District of Georgia.[1]  The district court dismissed Boyd's motion finding that it was barred from review "by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and now contained in 28 U.S.C. §§ 2255 and 2244(b)."  See Report and Recommendation at 3 (internal citation omitted).  Boyd argues on appeal that the district court erred in denying his motion as successive.  Boyd further argues that his motion is timely.  For the reasons stated below, we reverse the district court's dismissal of Boyd's fourth § 2255 motion as successive and remand the case to the district court for a determination as to whether Boyd's fourth § 2255 motion is timely.

## I. BACKGROUND

On March 6, 1998, a grand jury returned a six-count indictment against Boyd and two co-defendants.  All of the charges were drug-related.  Prior to trial

---

[1] For the sake of clarity and brevity, hereinafter Boyd's fourth-in-time § 2255 motion, the district court's dismissal of which forms the basis for the instant appeal, will be referred to as Boyd's "fourth § 2255 motion."  Boyd's first-in-time § 2255 motion will be referred to as Boyd's "first § 2255 motion" or his "initial § 2255 motion," Boyd's second-in-time § 2255 motion will be referred to as Boyd's "second § 2255 motion," and Boyd's third-in-time § 2255 motion will be referred to as Boyd's "third § 2255 motion."

the government filed a sentence enhancement notice under 21 U.S.C. § 851 based on Boyd's two prior Georgia state felony drug convictions from 1989.

On June 26, 1998, Boyd was convicted of five of the six counts in the indictment. Specifically, Boyd was convicted of one count of conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and three counts of distributing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).

In September 1998, the district court sentenced Boyd to life imprisonment on two counts, and 360 months imprisonment on the other three counts, all to be served concurrently. Boyd directly appealed his conviction and we affirmed.

In April 2001, Boyd filed his first § 2255 motion. Boyd made a variety of constitutional claims but did not argue against the validity of his state court convictions. The district court denied the motion and Boyd unsuccessfully appealed the denial to this Court.

In September 2003, the Superior Court of Richmond County vacated Boyd's 1989 state convictions on the basis that the State was unable to make an affirmative showing that Boyd's guilty pleas were valid on account of its inability

3

to obtain the plea transcripts.[2]  Subsequently, in March 2004, Boyd filed a second § 2255 motion seeking to be resentenced in light of the vacatur of his state court convictions.  The district court dismissed Boyd's motion as successive.  Boyd did not appeal the judgment.

In December 2005, Boyd filed his third § 2255 motion, raising the same claim, which was dismissed as successive in February 2006.  This Court denied Boyd's request for a certificate of appealability finding that "the district court lacked jurisdiction to consider his successive § 2255 petition without prior authorization from this Court . . . ."  Boyd v. United States, No. 06-11271 (11th Cir. Aug. 25, 2006).[3]

Boyd filed his fourth § 2255 motion in August 2011, which the district court dismissed as successive.  We granted Boyd a Certificate of Appealability ("COA") on the following issue:

> Whether the district court erred in finding Boyd's arguably meritorious motion to vacate successive, see Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011); Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999), and, if so, whether the following circumstances have any effect on the propriety of a federal court now considering the merits of Boyd's claim: (1) that Boyd failed to appeal to this Court the

---

[2] In April 1999, about seven months after Boyd was sentenced in the federal case, Boyd filed a petition for writ of habeas corpus in the Superior Court of Richmond County to challenge his two prior state court convictions.

[3] Boyd has also filed an application for permission to file a successive § 2255 motion in this Court, which was denied.  Boyd filed a petition for "Writ of Mandamus" in this Court and the district court, both of which were denied.  In addition, Boyd filed a "Motion for Resentencing," a "Motion for Sentence Reduction," and a "Motion for Reconsideration of Order Denying Motion for Sentence Reduction," in the district court, all of which were denied.

district court's dismissal, as successive, of his second § 2255 motion, which raised the same claim as the instant § 2255 motion; and (2) that this Court previously denied Boyd a COA in his appeal from the district court's dismissal, as successive, of his third § 2255 motion, which raised the same claim as the instant § 2255 motion.[4]

## II. STANDARD OF REVIEW

Review of a district court's dismissal of a petition under 28 U.S.C. § 2255 as "second or successive" is de novo.  McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).  Likewise, this Court reviews de novo the dismissal of a § 2255 petition for untimeliness.  Drury v. United States, 507 F.3d 1295, 1296 (11th Cir. 2007).

## III. DISCUSSION

The questions before us are: (1) whether the district court erred in dismissing Boyd's fourth § 2255 motion as successive and (2) whether Boyd's fourth § 2255 motion is timely.

### a.  Did the district court err in dismissing Boyd's fourth § 2255 motion as successive?

A federal prisoner typically must collaterally attack his conviction and sentence through a 28 U.S.C. § 2255 motion.  See 28 U.S.C. § 2255(a).  Only a single § 2255 motion is authorized and successive attempts at relief are limited.  See Stewart, 646 F.3d at 859.  If a court determines that a § 2255 motion is

---

[4] We limit our analysis to the issue of whether the district court erred in dismissing Boyd's fourth § 2255 motion as successive and remand the case to the district court for a determination on the merits of Boyd's argument that his fourth § 2255 motion is timely.

"second or successive," the motion must be certified by the court of appeals before the district court may reach the merits of the motion. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h).

However, the phrase second or successive is not self-defining and it does not refer to all habeas petitions filed second or successively in time. See Stewart, 646 F.3d at 859 (citing Panetti v. Quarterman, 551 U.S. 930, 943-44, 127 S. Ct. 2842, 2853, 168 L. Ed. 2d 662 (2007)); see also Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (the term "second or successive" is a habeas term of art). Instead, the bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so. Stewart, 646 F.3d at 859.

Under the facts of the instant case, the district court erred when it dismissed Boyd's fourth § 2255 motion as successive. This is because, as the government concedes, none of Boyd's prior § 2255 motions rendered his fourth § 2255 motion successive.[5]

Boyd's initial § 2255 motion did not render Boyd's fourth § 2255 motion successive. In Stewart v. United States, 646 F.3d 856 (11th Cir. 2011), we addressed the issue of whether Stewart's second-in-time § 2255 motion, which challenged his sentence based on the vacatur of his prior state court convictions

---

[5] The government contends, however, that the district court's dismissal of Boyd's fourth § 2255 motion should still be affirmed because Boyd's motion is untimely.

6

that did not exist at the time that he filed his initial § 2255 motion, was second or successive. Stewart's judgment became final in May 2003. Id. at 857. He filed a "Motion for Equitable Tolling of the Time Period for the Filing of a § 2255 [Motion]," which was denied, and a § 2255 motion, which was dismissed as time-barred, in 2004. Id. In 2008, Stewart's state court convictions were vacated. The following month Stewart filed a second § 2255 motion, requesting the vacatur of his career offender enhancement pursuant to Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005).[6] Stewart, 646 F.3d at 858. The district court dismissed Stewart's second § 2255 motion as successive. Id. We reversed and held that because the factual basis for Stewart's claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion was not second or successive and § 2255(h)'s gatekeeping provision did not apply. Id. at 865.

Here, Boyd's fourth § 2255 motion seeks resentencing in light of the vacatur of his prior state court convictions, which enhanced his sentence pursuant to 21 U.S.C. § 851. The proceedings on his initial § 2255 motion took place in 2001. His state court convictions were not vacated until 2003. Accordingly, Boyd's vacatur-based claim did not exist until after the proceedings on his initial § 2255

---

[6] In Johnson, the Supreme Court held that the state court vacatur of a predicate conviction is a new "fact" that forms the basis of a challenge under 28 U.S.C. § 2255 and triggers a fresh one-year statute of limitations under § 2255(f)(4), so long as the petitioner exercised due diligence in seeking that order. See id. at 301-311, 125 S. Ct. at 1577-82; see also Stewart, 646 F.3d at 858-860.

motion concluded.  Therefore, pursuant to our holding in Stewart, Boyd's initial §
2255 motion did not render his fourth § 2255 motion successive.

Boyd's second and third § 2255 motions also did not render Boyd's fourth §
2255 motion successive.  This is because second or successive status only attaches
to a judgment on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.
Ct. 1595, 1604-05, 146 L. Ed. 2d 542 (2000) ("A habeas petition filed in the
district court after an initial habeas petition was unadjudicated on its merits . . . is
not a second or successive petition."); see also Dunn v. Singletary, 168 F.3d 440,
441 (11th Cir. 1999) ("When an earlier habeas corpus petition was dismissed
without prejudice, a later petition is not "second or successive" for purposes of §
2244(b).").  A § 2255 motion that is dismissed as second or successive has not
been resolved on the merits.  See Humphrey v. United States, 766 F.2d 1522,
1524-25 (11th Cir. 1985) (per curiam).  Consequently, a motion that is dismissed
as second or successive cannot render a later motion second or successive.  Id.
Boyd's second and third § 2255 motions were dismissed as successive pursuant to
28 U.S.C. § 2255(h).  As such, Boyd's requested relief, based on the vacatur of his
state court convictions, has never been reviewed on the merits.  Thus, Boyd's
fourth § 2255 motion is not successive based on his second and third § 2255
motions.

Since Boyd's initial § 2255 motion did not render his fourth § 2255 motion successive because the underlying facts giving rise to his claim did not exist at the conclusion of his initial § 2255 motion, and Boyd's second and third § 2255 motions did not render his fourth § 2255 motion successive because they were both dismissed as successive without a review of the merits, the district court erred when it dismissed Boyd's fourth § 2255 motion as successive.  See Stewart, 646 F.3d at 65; see also Dunn, 168 F.3d at 441.

### b.  Is Boyd's fourth § 2255 motion timely?

Having determined that the district court erred in dismissing Boyd's § 2255 motion as successive, we turn to the issue of whether Boyd's motion is timely. The Report and Recommendation of Magistrate Judge Barfield, which the district court adopted, recommends dismissing Boyd's § 2255 motion because it is successive.  However, in a footnote of the Report, Magistrate Judge Barfield states:

> Even if the instant petition were not successive, it appears to be subject to dismissal for untimeliness.  The AEDPA provides a one-year statute of limitations.  See 28 U.S.C. § 2255(f).  For claims based on the successful vacatur of state law convictions used to enhance a petitioner's sentence, the statute of limitations runs from the date of the state court's order of vacatur.  See Stewart, 646 F.3d at 858 ("[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4) . . . .")[.]  Here, the state court vacated Petitioner's convictions on September 25, 2003, approximately eight years before he filed the instant § 2255 motion.  Moreover, prior to the filing of his current § 2255 motion, the last activity regarding Petitioner's convictions occurred in October of 2009.  See CR 198-012, doc. No. 258.

9

Report and Recommendation at 7, n. 1.

While we recognize that the Report discusses the issue of timeliness and we could construe the footnote as an alternative holding, it is unclear whether the district court would have relied on this ground alone in dismissing the petition. See Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1571 (11th Cir. 1996) (declining to affirm the district court based on what could have been construed as an alternative holding located in a footnote and remanding the case to the district court).  The Report states only that the petition "appears to be subject to dismissal for untimeliness."   Report and Recommendation at 7, n. 1 (emphasis added).   Furthermore, the footnote is included after a three page discussion regarding whether the motion is successive, and before a conclusion that states that the motion is successive and should be dismissed.  The timeliness of the motion is not discussed anywhere in the body of the Report.  Accordingly, we prefer to remand the case to the district court for a determination as to whether the instant motion is timely.

**REVERSED AND REMANDED.**