[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12123
Non-Argument Calendar

_____

D.C. Docket Nos. 2:13-cv-08012-JHH; 2:00-cr-00188-JHH-JEO-1

DONCEY FRANK BOYKIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 19, 2014)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Doncey Frank Boykin, proceeding pro se, appeals the district court's dismissal as successive of his third motion to vacate his sentence under 28 U.S.C. § 2255. Underlying this motion is Boykin's conviction on one count of being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the resulting sentence, which was the product of an Armed Career Criminal Act ("ACCA") enhancement, pursuant to 18 U.S.C. § 924(e), and predicated on three prior felonies. Boykin filed his first § 2255 motion to vacate his sentence in February 2002, which the district court denied with prejudice. Boykin filed a second § 2255 motion in December 2003, in which he explained that his conviction for one of the three prior felonies had been vacated in October 2002 and that he was now entitled to resentencing without the ACCA enhancement. The district court dismissed Boykin's second § 2255 motion as successive.

In August 2005, Boykin filed a "motion to secure jurisdiction," pursuant to Article III of the U.S. Constitution and 28 U.S.C. § 2241, and again argued that he should be resentenced without the ACCA enhancement. The district court construed Boykin's motion as one seeking § 2255 relief or, in the alternative, relief under § 2255's savings clause, and denied the motion. The district court noted that while the state court vacated Boykin's prior conviction on October 4, 2002, Boykin did not file his second § 2255 motion until December 10, 2003, over two months past the one-year filing deadline. Thus, the district court found that Boykin did not meet the requirements for relief under § 2255 because his December 2003 second § 2255 motion was untimely. The district court further concluded that, to the extent that Boykin sought relief under § 2241, such relief was barred because he had not

2

satisfied any of the requirements of § 2255's savings clause.

Boykin filed several other postconviction motions, and in April 2013, filed the instant, and his third, § 2255 motion to vacate. He argued that the district court erred in determining that his second § 2255 motion was second or successive when the grounds that he asserted for challenging his sentence did not exist when filed his first motion to vacate in 2002. The district court dismissed Boykin's third § 2255 motion as successive. In this appeal, Boyle addresses the question presented in the certificate of appealability granted by this Court: "Whether the district court erred in dismissing as successive Boykin's numerically third 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, in light of Stewart v. United States, 646 F.3d 856 (11th Cir. 2011)." After careful review, we affirm.[1]

We review de novo the district court's dismissal of a § 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). Pursuant to § 2255, a federal prisoner claiming the right to be released on the grounds that his sentence was imposed in violation of federal law or the Constitution, the court lacked jurisdiction to impose sentence, his sentence is beyond the maximum authorized by law, or his sentence is otherwise subject to collateral attack, "may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). If the district court

---

[1]    Nevertheless, Appellant's motion to file a reply brief out of time is GRANTED.

determines that relief is warranted, it must vacate and set aside the judgment and discharge or resentence the prisoner, or grant a new trial or correct the sentence, if appropriate. Id. § 2255(b).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a [§ 2255] motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevent from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f). The Supreme Court has held that a state court vacatur is a matter of fact that refreshes the one-year statute of limitations period, as long as the petitioner has shown due diligence in seeking the vacatur order. Johnson v. United States, 544 U.S. 295, 302 (2005).

Before a prisoner may file a second or successive motion to vacate, he must first obtain an order from this Court authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without our authorization, the

4

district court lacks jurisdiction to consider a second or successive § 2255 motion to vacate. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

In Stewart, we held that a numerically second § 2255 motion may not be "second or successive" under AEDPA. See Stewart, 646 F.3d at 857; see also Slack v. McDaniel, 529 U.S. 473, 486 (2000) (explaining that the phrase "second or successive," as used in AEDPA, is a term of art). The Stewart prisoner had filed his first § 2255 motion, and had then successfully challenged the state convictions that were predicate convictions for his career offender sentence. See id. at 857–58. One month after his state convictions were vacated, he filed a second-in-time § 2255 motion, and requested vacatur of the career offender enhancement pursuant to Johnson. See id. at 858. The district court dismissed the second-in-time § 2255 motion as successive, but we explained, in reversing, that the basis for the second-in-time § 2255 motion -- vacatur of the predicate state convictions -- did not exist at the time of the prisoner's first § 2255 motion, and thus the numerically second motion was not "second or successive" within the meaning of AEDPA. Id. at 863–65. We also said that the prisoner had acted diligently in pursuing the vacatur and in bringing a subsequent § 2255 motion raising a claim, under Johnson, that the statute of limitations for bringing his claim had been refreshed. Id. at 863–64.

We applied the Stewart holding in Boyd v. United States, 754 F.3d 1298 (11th Cir. 2014). In Boyd, the petitioner, whose sentence was enhanced pursuant

5

to 21 U.S.C. § 851 based on two prior state convictions, filed an initial § 2255 motion in which he did not argue the validity of those state convictions. Id. at 1300. His convictions were later vacated, and the petitioner requested to be resentenced in his second and third § 2255 motions, which were dismissed as successive. Id. After his fourth § 2255 motion, in which he raised the same claim, was also dismissed as successive, we held that, under Stewart, the petitioner's initial § 2255 motion did not render his fourth § 2255 motion successive because the grounds for the fourth § 2255 motion -- the vacatur of his state conviction -- did not exist at the time of the initial § 2255 motion. Id. at 1300–02. We also explained that the petitioner's second and third § 2255 motions did not render his fourth § 2255 motion successive because "second or successive status only attaches to a judgment on the merits." Id. at 1302.

Here, the district court properly dismissed Boykin's third § 2255 motion for lack of jurisdiction because it was successive. Boykin's claim was rejected on the merits in conjunction with his August 2005 motion to secure jurisdiction. See Stewart, 646 F.3d at 863–65. In his motion to secure jurisdiction, Boykin argued that the vacatur of his state conviction entitled him to resentencing without the ACCA enhancement. The district court held that Boykin's construed § 2255 motion was untimely because, while Johnson refreshed the one-year statute of limitations for § 2255 motions following the vacatur of a state conviction, Boykin

6

still filed even his earlier, second § 2255 motion too late.   Thus, although Stewart

holds that subsequent-in-time § 2255 motions are not necessarily "successive," that

fact does not help Boykin.   Rather, Boykin's third § 2255 motion is in fact

successive because his claim regarding the vacated state conviction was in

existence when he filed his second § 2255 motion and his motion to secure

jurisdiction, and the district court denied the claim on the merits as untimely.   See

Boyd, 754 F.3d at 1302; Stewart, 646 F.3d at 863–65.   Because Boykin did not

obtain our authorization before filing his third § 2255 motion, the district court

properly found that it lacked jurisdiction over the action and dismissed it.   See 28

U.S.C. §§ 2244(b)(3)(A), 2255(h).

   **AFFIRMED**.