[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12931
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-20995-CMA


BRUCE SIMMONS,

                                                    Petitioner-Appellant,

versus

WARDEN, FEDERAL PRISON CAMP - MIAMI,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 16, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bruce Simmons, a federal prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.  In his petition, he argues that his sentence exceeds the statutory maximum because it includes a term of supervised release on top of his statutory-maximum term of imprisonment.  The district court dismissed Simmons's petition because it was second or successive and he failed to satisfy the savings clause.  Simmons argues this was error.  He contends that he satisfies the savings clause because circuit precedent at one time foreclosed his claim but has since been overruled by Johnson v. United States, 529 U.S. 694, 120 S. Ct. 1795 (2000).[1]  After reviewing the record, we affirm.

Whether a prisoner may bring a § 2241 petition under the savings clause in 28 U.S.C. § 2255(e) is a jurisdictional question that we review de novo.[2]  Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013).  To satisfy the savings clause, a petitioner must prove that § 2255 was "inadequate or ineffective to test the legality of his detention."  Id. (quotation omitted).  As we

---

[1] Simmons also argues that the district court erred by construing his petition as a second or successive § 2255 motion.  He says his petition is neither second nor successive because his previous motions to vacate (there have been at least five) were not decided on the merits.  This is, as the district court noted, clearly contradicted by the record.  A § 2255 motion is "second or successive" if "a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so."  Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014).  Simmons's Johnson claim was available and ripe as soon as Johnson was decided, in 2000, but he did not raise it in his first § 2255 motion to vacate, which he filed in 2001.

[2] Simmons argues for the first time in his reply brief that his petition challenges the execution of his sentence, so he need not satisfy the savings clause.  We generally do not consider arguments raised for the first time in an appellant's reply brief and decline to do so here.  See Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005).

2

have long explained, to prove that § 2255 was inadequate or ineffective, a petitioner must, among other things, make two showings: (1) that circuit precedent squarely foreclosed his claim at the time of his first § 2255 motion; and (2) that a retroactive Supreme Court decision later overturned that precedent. See id. at 1274 ("To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' Bryant must establish that . . . subsequent to his first § 2255 proceeding, the Supreme Court's decision . . . overturned our Circuit precedent that had squarely foreclosed [his] . . . claim.").

The purpose of the savings clause is to create a narrow portal for petitioners to bring, via § 2241, habeas claims that they had no opportunity to raise earlier via § 2255. Cf. Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc) ("The actual holding of the Wofford decision, which is undoubtedly correct, is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings."). If the Supreme Court overturned the foreclosing circuit precedent before a petitioner's first § 2255 proceeding, he necessarily had an opportunity to raise that claim—via § 2255. A petitioner with such an opportunity cannot show that § 2255 was inadequate or ineffective.

Simmons is this sort of petitioner. He rests his savings-clause argument on Johnson. But Johnson was decided in May 2000, before he filed his first § 2255 motion in March 2001. Even if we were to assume that Johnson overturns relevant

3

circuit precedent, and that Simmons meets the other savings-clause requirements, see Bryant, 738 F.3d at 1274, he cannot make the dual showings discussed above: that circuit precedent foreclosed his claim during his § 2255 proceeding, and that the Supreme Court later overturned that precedent.  He could have, but did not, raise this Johnson claim in his first § 2255 proceeding.  That proceeding therefore gave him an opportunity to raise his claim, so it was not "inadequate or ineffective to test the legality of his detention."  The district court properly dismissed his § 2241 petition.

AFFIRMED.