[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13969
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80958-KAM

FELIX A. SMITH,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Felix Smith, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition: a dismissal as second or successive. Considering the vacation of original sentence (in part) and the resentencing in 2013, reversible error has been shown; we vacate the judgment and remand for further proceedings.

In 1995, Smith was convicted in Florida of robbery with a firearm. Smith was sentenced to 30 years' imprisonment, to be followed by 10 years' Drug Offender Probation. On direct appeal, the state court affirmed Smith's conviction and sentence.

Smith filed his first 28 U.S.C. § 2254 petition in 2000. The district court dismissed Smith's petition as untimely. On appeal, this Court affirmed.

The state court later granted in part Smith's motion -- pursuant to Fla. R. Crim. P. 3.800 -- to vacate and set aside an illegal sentence. The state court concluded (and the State conceded) that the imposition of a Drug Offender Probation was unlawful, because Smith had been charged with no drug-related offense. Accordingly, the state court resentenced Smith in November 2013. The

"resentencing" order (1) converted Smith's "drug offender probation" to a "standard probation with the condition of at least (5) NA/AA meetings per week and random urine testing" and (2) struck the Drug Farm Program as a condition of Smith's probation.

In July 2015, Smith filed the pro se section 2254 petition at issue in this appeal. In his petition, Smith raised four grounds for relief, each of which challenged an aspect of Smith's original criminal proceeding and sentence.

The district court dismissed Smith's 2015 petition as second or successive. The district court explained that Smith's 2013 resentencing did not relieve Smith of his obligation to first obtain authorization from this Court to file a second or successive habeas petition. In particular, the district court noted that "all of the grounds raised in the present petition relate to errors in the original trial proceedings" that "could have and should have been asserted timely in his initial petition."

We review de novo whether a petition for a writ of habeas corpus is second or successive. Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).

Section 2254 permits a prisoner "in custody pursuant to the judgment of a State court" to challenge his conviction and sentence "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before filing a second or successive habeas corpus petition

3

in the district court, a state prisoner must first move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. § 2244(b)(3)(A). Where the prisoner fails to seek or to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition. Burton v. Stewart, 127 S. Ct. 793, 799 (2007).

The phrase "second or successive," however, does not simply refer to all habeas petitions filed second or successively in time. Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010). Instead, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." Id. at 2797. Thus, where an intervening judgment comes in between the filing of two habeas petitions, the "application challenging the resulting new judgment is not 'second or successive' at all." Id. at 2802. "[T]he existence of a new judgment is dispositive." Id. at 2800.

We have said a judgment is "comprised of both the sentence and the conviction." Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1281 (11th Cir. 2014). A resentencing, therefore, results in a new judgment of conviction for purposes of AEDPA. Id. "[W]hen a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." Id.

4

Here, Smith's 2013 resentencing -- changing the terms of probation: his custody -- established a new intervening judgment. Because Smith's 2015 section 2254 petition is the first petition to challenge this new judgment, Smith's petition is not "second or successive." See id. That the grounds raised in Smith's petition relate only to alleged errors in Smith's original criminal proceeding is immaterial to a determination of whether the petition is second or successive.[*] See id. (petitioner's second-filed section 2254 petition was not "second or successive" even though the claims raised were identical to those raised in petitioner's first-filed section 2254 petition and were based only on errors alleged to have occurred during petitioner's criminal trial).

The State agrees that the district court erred in dismissing Smith's section 2254 petition as second or successive. The States contends, however, that -- because Smith's petition was untimely filed -- the district court's dismissal may be affirmed on other grounds. The district court made no findings about timeliness. Moreover, the record before the district court was insufficiently developed to determine the timeliness of Smith's petition. For these reasons, we decline to rule on the timeliness issue. Instead, we remand the case to the district court for further

---

[*] At this stage in the proceedings, we make no determination about whether the claims raised in Smith's section 2254 petition may be subject to dismissal on other grounds. Cf. Magwood, 130 S. Ct. at 2802 ("procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not."); Insignares, 755 F.3d at 1281 n.9 (although a habeas petition is not "second or successive," the claims raised in the petition are still subject to other limitations under AEDPA, including procedural default rules and the law-of-the-case doctrine).

proceedings, including a determination about the timeliness of Smith's petition. Cf. Boyd v. United States, 754 F.3d 1298, 1303 (11th Cir. 2014) (reversing district court's dismissal of 28 U.S.C. § 2255 motion as second or successive and remanding the case for a determination about the motion's timeliness).

VACATED AND REMANDED.