[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12761
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-01342-SCJ

RICHARD LEON MOORE,

Petitioner-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE (BOP),

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 4, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Richard Leon Moore, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.

Moore pleaded guilty to a single count of conspiracy to possess with intent to distribute crack cocaine, in violation of 18 U.S.C. §§ 841(b)(1)(c) and 846, and was sentenced to 188 months imprisonment. He did not file an appeal, but he later filed a pro se 28 U.S.C. § 2255 motion challenging his conviction and sentence, including the use of prior convictions to enhance his sentence. The court denied that motion on the merits, and we declined to issue a certificate of appealability. Moore filed another § 2255 motion, which was denied. He also filed a motion in this Court seeking leave to file a second or successive § 2255 motion, which we denied. Moore then filed two petitions for habeas corpus under 28 U.S.C. § 2241. The magistrate judge recommended dismissing those petitions because Moore had not shown that he qualified for relief under the saving clause, see 28 U.S.C. § 2255(e), but Moore voluntarily dismissed the petitions before the district court could act on that recommendation.

Moore has now filed an "Appeal of Bureau of Prison's Administrative Remedy Procedure," which again challenges the use of prior convictions to enhance his sentence. The magistrate judge construed that filing as a § 2241 petition and recommended dismissing it on the ground that Moore is not eligible for relief under the saving clause. The district court adopted the magistrate judge's

recommendation and dismissed Moore's petition for lack of jurisdiction. This is his appeal.

We review de novo whether "a prisoner may bring a petition for a writ of habeas corpus under the saving clause of § 2255(e)." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). "The applicability of the saving [ ] clause is a threshold jurisdictional issue . . . ." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th Cir. 2013). The court did not err in dismissing Moore's petition for lack of jurisdiction.[1] The saving clause permits a § 2241 petition only where a § 2255 motion is "inadequate or ineffective to test the legality of [ ] detention." 28 U.S.C. § 2255(e); see also Zelaya, 798 F.3d at 1365. But § 2255 allows Moore to attack his sentence, which means that it is an adequate remedy. See McCarthan, 851 F.3d at 1090 ("Because [the petitioner] filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by [§ 2255] motion is

---

[1] Moore contends that the court erred in construing his filing as a § 2241 petition instead of a § 2255 motion, but he has already filed a § 2255 motion and we have not granted him leave to file a second or successive motion. See Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014) ("A federal prisoner typically must collaterally attack his conviction and sentence through a 28 U.S.C. § 2255 motion. Only a single § 2255 motion is authorized and successive attempts at relief are limited.") (citation omitted). That left § 2241 as his only option for relief. See Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1365 (11th Cir. 2015) (stating that § 2255 and § 2241 are the "two distinct means of securing post-conviction relief in the federal courts" for federal prisoners). As a result, the court did not err in construing the filing to give Moore his best chance at relief. See id. at 1366 ("[W]e must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief.") (quotation marks omitted).

3

adequate and effective to test the legality of his detention.").  As a result, the court

did not err in dismissing his § 2241 petition.  See id. at 1092 (refusing to permit

"access to the saving clause to bring ordinary sentencing challenges").[2]

**AFFIRMED.**

---

[2] Moore has also filed a motion in this Court to remand the case to the district court, which repeats the arguments he makes in his brief.  Because his petition must be dismissed for lack of jurisdiction, that motion is **DENIED** as moot.

ROSENBAUM, Circuit Judge, concurring:

I agree with the panel that we must dismiss Richard Moore's 28 U.S.C. § 2241 habeas-corpus petition under binding Circuit precedent. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). I write separately to note my continuing respectful disagreement with *McCarthan*'s interpretation of 28 U.S.C. § 2255's saving clause, for the reasons I have previously outlined. *See id.* at 1121 (Rosenbaum, J., dissenting).