[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13377
Non-Argument Calendar

_____

D.C. Docket Nos. 0:18-cv-61148-RNS,
0:12-cr-60011-RNS-1

ANDRE D. BARBARY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Andre Barbary, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his third 28 U.S.C. § 2255 motion and subsequent denial of his

motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The district court concluded that it lacked jurisdiction because Barbary's third § 2255 motion was an unauthorized successive motion.  After review, we affirm.[1]

## I.  FIRST AND SECOND § 2255 MOTIONS

When a § 2255 movant previously has filed a § 2255 motion, he must apply for and receive permission from this court before filing a second or successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  This Court may grant such authorization only if the § 2255 motion contains a claim involving either newly discovered evidence demonstrating factual innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. §§ 2244(a), (b)(3)(C), 2255(h).  Absent this Court's prior authorization, the district court lacks jurisdiction to address the second or successive § 2255 motion, and it must be dismissed.  28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Here, Barbary filed his first pro se § 2255 motion in the district court on September 1, 2016.  One of the grounds raised in Barbary's first § 2255 motion

---

[1]We review de novo a district court's dismissal of a § 2255 motion as second or successive.  Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).  We review the denial of a Rule 59(e) motion for abuse of discretion.  Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1343 n.20 (11th Cir. 2010).

2

was that his trial attorneys were ineffective for failing to move to suppress wiretap evidence on the basis that the wiretap order was facially invalid because it exceeded the district court's territorial jurisdiction under 18 U.S.C. § 2518. The district court dismissed Barbary's first § 2255 motion as barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).

On June 27, 2017, Barbary filed a second pro se § 2255 motion in the district court, this time asserting, inter alia, that he was being held in custody in violation of 18 U.S.C. § 2518 and other wiretap statutes. The district court dismissed this second § 2255 motion for lack of jurisdiction because Barbary had not received this Court's permission to file it.

## II.  THIRD § 2255 MOTION

Relevant to this appeal, on May 21, 2018, Barbary filed a third pro se § 2255 motion in the district court. In his third § 2255 motion, Barbary argued that the wiretap evidence used to convict him was invalid in light of the Supreme Court's recent decision in Dahda v. United States, ___ U.S. ___, 138 S. Ct. 1491 (2018).[2] Barbary argued that the wiretap order used to obtain evidence in his criminal case

---

[2]In Dahda, the Supreme Court held that 18 U.S.C. § 2518(10)(a)(ii), which requires suppression where a wiretap order is "insufficient on its face," does not cover every defect that may appear on the face of a wiretap order. ___ U.S. at ___, 138 S. Ct. at 1498. The Supreme Court further concluded that the particular defect at issue in Dahda—authorizing interception in any other jurisdiction in the United States if the target phones were taken outside of the district court's territorial jurisdiction—did not render the wiretap orders facially insufficient. ___ U.S. at ___, 138 S. Ct. at 1498-99.

exceeded the district court's territorial jurisdiction in Florida under 18 U.S.C. § 2518 because Barbary was located in Atlantic City, New Jersey at the time of the wiretaps.

On July 18, 2018, the district court dismissed Barbary's third § 2255 motion as an unauthorized successive § 2255 motion over which it lacked jurisdiction. Barbary appeals this ruling and the district court's subsequent denial of his Rule 59(e) motion.

## III.  DISCUSSION

For § 2244 purposes, the district court's dismissal of Barbary's first § 2255 motion as time-barred was a dismissal with prejudice and an adjudication on the merits, and thus subsequent motions qualified as "second or successive." See Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353, 1359 (11th Cir. 2007). Because the district court had previously dismissed Barbary's first § 2255 motion with prejudice, it lacked jurisdiction to consider the merits of Barbary's third § 2255 motion unless Barbary had first obtained authorization from this Court. See 28 U.S.C. § 2244(b)(3)(A); Farris, 333 F.3d at 1216.  This Court has not provided such authorization.  We also point out that, on June 8, 2018, while his third § 2255 motion was still pending in the district court, Barbary filed with this Court an application for leave to file a successive § 2255 motion.  Barbary's application sought permission to bring the same wiretap suppression claim based

4

on Dahda that he already had asserted in his third § 2255 motion.  On July 5, 2018, this Court denied Barbary's application, stating that he had not met the statutory criteria in § 2255(h) for filing a second or successive motion.  Specifically, this Court concluded that the holding in Dahda was not constitutional in nature and, even if it was, it was not declared retroactively applicable to cases on collateral review.  Therefore, the district court did not err in dismissing Barbary's third (May 21, 2018) § 2255 motion.

Barbary argues that his third § 2255 motion should not be considered "second or successive" for § 2244 purposes because his claim is based on Dahda and was unavailable in this Circuit when he filed his first § 2255 motion.

While claims based on a factual predicate not previously discoverable are successive, claims based on a defect that did not exist until after the conclusion of the previous motion may potentially be non-successive in a small subset of circumstances.  Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011).  Claims falling within this "small subset of unavailable claims" have been based on vacaturs of prior state convictions.  See id. (concluding § 2255 motion asserting claim based on a state court order vacating prior state convictions is not successive when the convictions were vacated after the conclusion of the movant's first § 2255 motion and had been used to enhance the federal sentence the movant was serving); see also Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014).

5

However, Barbary's wiretap suppression claim, ostensibly based on Dahda, does not constitute a previously unavailable claim that would fall within the narrow exception described in Stewart.  Barbary argues only that his motion to suppress the wiretap evidence would have been granted had Dahda been decided earlier.  Barbary does not point to any event, akin to the vacatur of a prior conviction, that was necessary for his wiretap suppression claim to ripen and that occurred only after his initial § 2255 motion was ruled upon.  The narrow exception in Stewart does not apply to claims like Barbary's that are based on subsequent developments in the law.  The factual basis for Barbary's wiretap suppression claim—that, under 18 U.S.C. § 2518, the district court in Florida could not authorize interception of his phone calls in New Jersey—existed when Barbary filed his initial § 2255 motion and could have been raised at that time.  In fact, the record demonstrates that Barbary was aware of this wiretap suppression issue when he filed his initial pro se § 2255 motion, as he raised an ineffective-assistance-of-counsel claim based on his trial attorney's failure to raise this wiretap suppression issue.  In sum, the district court properly dismissed Barbary's third § 2255 motion for lack of subject matter jurisdiction because it was an unauthorized successive motion.

Furthermore, the district court did not abuse its discretion in denying Barbary's Rule 59(e) motion.  A Rule 59 motion to alter or amend a judgment may

6

be granted for newly-discovered evidence or manifest errors of law or fact but cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised before the district court entered judgment.  Jacobs v. Tempur-Pedic Int'l, Inc, 626 F.3d 1327, 1344 (11th Cir. 2010).

Construing his brief liberally, Barbary argues that he showed a manifest error of law because his § 2255 motion relied on a new rule in Dahda.  As this Court had already ruled in denying Barbary's application for leave to file a successive § 2255 motion, Dahda did not announce a new constitutional rule made retroactive on collateral review.  However, even if Dahda had done so, Barbary would still be required to obtain this Court's permission before filing his § 2255 motion because it was a successive motion.  Accordingly, the district court did not abuse its discretion in denying Barbary's Rule 59(e) motion.

**AFFIRMED.**