[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10351

_____

D.C. Docket Nos. 1:16-cv-10622-WSD,
1:88-cr-00045-WSD-CMS-1

EUGENE POWELL GRIFFIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 29, 2019)

Before ED CARNES, Chief Judge, ANDERSON and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Eugene Powell Griffin, through counsel, appeals the district court's rejection of his motion filed pursuant to 28 U.S.C. § 2255 to vacate his 1989 federal sentence. On appeal, Griffin challenges only the district court's denial of his motion to amend his pro se petition seeking to have his federal sentence vacated because his federal sentence was enhanced based upon three prior Georgia convictions for burglary, which prior Georgia burglary convictions have been vacated by a Georgia habeas corpus court (referred to hereafter as Griffin's vacatur claim).[1] The instant § 2255 motion was filed in 2016 and is Griffin's fourth-in-time § 2255 motion. The district court (Judge Duffey) dismissed Griffin's vacatur claim for lack of jurisdiction on the basis that his motion was barred as successive. [Doc. 159 at 1 ("Regarding the motion for leave to amend, this Court does not have jurisdiction to hear the claim Defendant wishes to bring because neither exception to 28 U.S.C. § 2255(h)'s prohibition against second or successive § 2255 motions exists here.").] This court granted a certificate of appealability on the issue:

---

[1] Griffin's motion also raised a <u>Samuel Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015), claim—i.e., that his three prior Georgia burglary convictions were no longer valid predicate violent felonies after <u>Samuel Johnson</u> declared the residual clause unconstitutionally vague. That claim, however, is abandoned. Griffin concedes that our decision in <u>United States v. Gundy</u>, 842 F.3d 1156, 1169 (11th Cir. 2016) (holding that Georgia's burglary statute qualifies as a violent felony under the enumerated crimes clause), forecloses this claim, leaving only Griffin's vacatur claim.

We also note that the Government concedes that when this court granted Griffin's application for authorization to file the instant § 2255 motion, that authorization included both the <u>Samuel Johnson</u> claim and the vacatur claim.

2

"Whether the district court erred in denying Griffin's motion to amend his 28 U.S.C. § 2255 motion, to include, as a second claim, that his [armed career criminal act ("ACCA")] sentence is now void, based on the vacatur of three state convictions for burglary."

We have had the benefit of oral argument and have carefully studied the briefs and relevant parts of the record.  Although the procedural history of this case is extremely complex, because we write only for the parties who are familiar with this history, we set out only that part of the procedural history relevant to our explanation of our resolution of this case.

## DISCUSSION

For the reasons discussed at oral argument, this case is very similar to Boyd v. United States, 754 F.3d 1298 (11th Cir. 2014).  Both cases involve successively filed § 2255 motions challenging a federal sentence that was enhanced on the basis of prior state court convictions.  Both cases involve a first § 2255 motion completed before the prior state court convictions were vacated and multiple subsequent § 2255 motions filed after vacatur which were denied as successive motions over which the district court lacked jurisdiction.  In Boyd, this court held that the first § 2255 motion did not render the later § 2255 motions successive, because those first § 2255 proceedings were completed before vacatur.  That Boyd holding compels the same conclusion with respect to Griffin's first 1992 § 2255

3

motion.  Boyd's second and third § 2255 motions both were denied as successive and therefore beyond the jurisdiction of the district court.  In Boyd's fourth § 2255 motion, because his second and third § 2255 motions were dismissed for lack of jurisdiction as successive (i.e., because there was no ruling on the merits), we held that they did not render his fourth § 2255 motion successive.

In the instant case, Griffin also filed multiple § 2255 motions after the vacatur of his three prior Georgia convictions but before his instant § 2255 motion. We refer to these as "earlier post-vacatur motions," and they were ruled upon by Judge Forrester.[2]  And although Griffin also argued, like Boyd, that the vacatur of his prior convictions rendered his sentence illegal, Judge Forrester dismissed his motion for lack of jurisdiction as successive.  However, unlike in Boyd, Judge Forrester not only held that those "earlier post-vacatur motions" were successive and thus beyond the jurisdiction of the district court, he also held in an alternative holding that, even if he did have jurisdiction, Griffin's vacatur claim was properly denied because it was barred by the statute of limitations.

Specifically, while ruling on a post-vacatur motion filed by Griffin in 2009, Judge Forrester noted that vacatur of a state conviction will only trigger a renewed limitations period under 28 U.S.C. § 2255(f)(4) if the petitioner has acted with due

---

[2]    Judge Forrester presided over Griffin's federal conviction and imposed the enhanced sentence.  He also presided over all of Griffin's § 2255 motions until the last one (that is, until the instant motion over which Judge Duffey presided).

4

diligence in seeking vacatur.  See Robert Johnson v. United States, 544 U.S. 295, 302, 125 S. Ct. 1571, 1577 (2005).  Due diligence, Judge Forrester further observed, is satisfied by a petitioner's prompt filing of a state habeas petition after his federal sentence is imposed.  See id.  Judge Forrester concluded that Griffin could not meet this requirement because he waited nearly eight years to file a state habeas action after his federal conviction in 1989.

Thus, in the instant § 2255 motion that was before Judge Duffey, unlike in Boyd, Griffin presents a claim that has previously been rejected on the merits in an alternative holding.  Accordingly, we believe that Griffin's claim in the instant § 2255 motion has been rejected on the merits in a prior § 2255 proceeding and is therefore successive, and Judge Duffey is due to be affirmed on this ground.

Even if we are wrong in this regard, and even if Boyd is not distinguishable and the instant § 2255 motion is not successive, it is nevertheless barred by AEDPA's one-year statute of limitations because Griffin did not exercise due diligence in seeking to obtain vacatur of his three prior Georgia burglary convictions after his federal sentence was enhanced on the basis thereof.  This is so for the following reasons.

Judgment imposing the federal sentence being challenged by Griffin in this appeal was entered in 1989.  Obviously, the instant § 2255 motion, having been filed in 2016, was filed long after the ordinary expiration of AEDPA's one-year

5

statute of limitations.  The issue, however, is whether the vacatur of Griffin's prior convictions triggered a new commencement of the statute of limitations under § 2255(f).  That subsection provides in relevant part as follows:

> (f) A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> . . . .
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(4).  We can assume arguendo, but we expressly do not decide, that Griffin's efforts to pursue his vacatur claim were diligent from and after the 1997 date on which the Georgia court vacated his three prior burglary convictions.  Even under that assumption, the Supreme Court's decision in Robert Johnson compels a conclusion in this case that Griffin falls far short of demonstrating the due diligence necessary to entitle him to have triggered a new period of limitations upon the vacatur of his prior convictions.  There, the Supreme Court held that the date which activates the due diligence clock is the date of the federal sentence which is enhanced by the prior convictions which have been subsequently vacated.  See Robert Johnson, 544 U.S. at 399, 125 S. Ct. at 1581 ("settling on the date of judgment as the moment to activate due diligence").  The Supreme Court rejected other possible activating dates, including the date of finality of the federal

6

conviction.  In the Robert Johnson case, Johnson waited more than three years after entry of his federal sentence before filing a state habeas petition seeking to vacate the prior convictions which had served to enhance the federal sentence.  The Supreme Court held that "Johnson fell far short of reasonable diligence in challenging the state conviction."  Id. at 311, 125 S. Ct. at 1582.

In our case, Griffin's federal sentence was entered in May of 1989.  He did not file his state habeas petition seeking to have his three prior burglary convictions vacated until December 3, 1996.  Obviously, Griffin waited far longer than the three years which the Supreme Court in Robert Johnson held was much too long to demonstrate the necessary due diligence.

Griffin argues that he satisfied the due diligence requirement when, on February 27, 1990, shortly after his federal sentence, he wrote a letter to the state judge, with a copy to the state prosecutor – i.e., the presiding judge and prosecutor when he was convicted back in 1958, 1962, and 1965 of the three prior burglaries – requesting that they vacate his three burglary convictions.  Judge Forrester rejected this argument in the 2009 ruling discussed above.  As an initial matter, Judge Forrester found it significant that Griffin had not mentioned the letter in any of his previous post-conviction motions and that the state court's electronic docket did not contain any record of the letter.  But even assuming Griffin had submitted the letter as he claimed, Judge Forrester concluded that Griffin still could not show he

7

acted with due diligence because the letter was not properly filed or verified, it contained no supporting affidavits as required by Georgia law, and it was sent to the incorrect recipients at the wrong address.  In addition, Judge Forrester emphasized that Griffin took no action to follow up on the letter during the six years between the date he allegedly submitted the letter in February 1990 and the date he initiated state habeas proceedings in December 1996.

We agree with Judge Forrester's ruling on this issue.  We can assume arguendo, again without deciding, that the letter does indicate some effort on the part of Griffin following his federal sentence to pursue the vacatur of his prior convictions.  However, Griffin acknowledges that he did not receive an answer to that letter, and there is no proffer of evidence of any other efforts on the part of Griffin to pursue vacatur of his three prior Georgia convictions from that early 1990 time until December 1996 when he filed his state habeas petition.  Again, that approximately six- or seven-year delay is far more than the three-year delay which the Supreme Court in Robert Johnson held was insufficient to demonstrate the necessary due diligence.

Because Griffin has failed to demonstrate the necessary due diligence, from and after the time of his federal sentencing, in pursuing the vacatur of his three prior burglary convictions, the fact of the vacatur thereof does not constitute a "fact[] supporting the claim . . . presented," and Griffin cannot qualify under

8

§ 2255(f)(4) for a renewed AEDPA statute of limitations. Accordingly, his vacatur claim is barred by AEDPA's statute of limitations.

For the foregoing reasons, the judgment of the district court is affirmed both because Judge Duffey is correct that Griffin's instant § 2255 motion is successive and does not fall under either of the exceptions in § 2255(h); and even if we are wrong in that regard, it is barred by the statute of limitations.

AFFIRMED.[3]

---

[3]    Griffin's Motion for Leave to File and Use Physical Exhibits at Oral Argument is GRANTED.