[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10226

Non-Argument Calendar

_____

PEDRO PAJES-LASTRA,
a.k.a. Pedro Pajes,
a.k.a. Pedro Bruzon,
a.k.a. Pedro Hernandez,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:21-cv-23600-KMM,
1:01-cr-00113-KMM-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Pedro Pajes-Lastra, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion as successive and unauthorized and the subsequent denial of his motion for reconsideration. In his § 2255 motion, he argues that the district court lacked the jurisdiction to sentence him to an enhancement under 21 U.S.C. § 851 because the government failed to follow the strict requirements of § 851. He then contends that his claim is jurisdictional and may be raised at any time.

The government moves for summary affirmance of the district court's order and to stay the briefing schedule. The government argues that Pajes-Lastra's § 2255 motion was indisputably second or successive to his first § 2255 motion, which he filed in 2003. It contends that Pajes-Lastra's first § 2255 motion was disposed of in a judgment on the merits, so the district court lacked jurisdiction to consider his successive § 2255 motion without

authorization from this court, and the district court properly dismissed Pajes-Lastra's motion.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] We review de novo a district court's dismissal of a § 2255 motion for lack of jurisdiction. *Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018).

A federal prisoner may collaterally attack the legality of his sentence by filing a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. "Only a single § 2255 motion is authorized and successive attempts at relief are limited." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). Although "the phrase second or successive is not self-defining and it does not refer to all habeas petitions filed second or successively in time," the bar "applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so." *Id.* "[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."

---

[1] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

Here, we conclude that summary affirmance is appropriate because Pajes-Lastra's appeal is frivolous. Prior to filing his successive § 2255 motion with the district court, Pajes-Lastra failed to obtain our authorization. As such, the district court lacked jurisdiction to hear Pajes-Lastra's recent § 2255 motion, and it did not err when it dismissed his motion accordingly. *Id.*

Similarly, Pajes-Lastra's argument that his issue is jurisdictional and can be raised at any time also fails because only one § 2255 motion is permitted, and the district court lacked jurisdiction to consider the unauthorized successive motion regardless of the subject of the claim. Notably, Pajes-Lastra's claim about the defective § 851 notice was both available and ripe prior to the filing of his initial § 2255 motion. *See Boyd*, 754 F.3d at 1301.

Summary affirmance is warranted in this case because Pajes-Lastra's appeal is frivolous. *Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

**AFFIRMED.**