[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11976

Non-Argument Calendar

_____

DAVID CLUM, JR.,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 0:22-cv-60954-WPD,
0:11-cr-60273-WPD-3

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

David Clum, Jr., a federal prisoner proceeding pro se, appeals the district court's order dismissing his 28 U.S.C. § 2255 motion. The motion was dismissed for lack of jurisdiction because it was an unauthorized second or successive motion. The government responds by moving for summary affirmance of the district court's order. It argues that Clum's § 2255 motion was second or successive because his initial motion was dismissed on the merits in 2017 and the predicates for his claims were ripe when he filed his initial § 2255 motion. We agree and grant the government's motion for summary affirmance.

## I.

Clum was convicted of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, and 41 counts of making a false claim upon the United States, in violation of 18 U.S.C. §§ 287 and 2. He was sentenced to 293 months imprisonment. On direct appeal, we affirmed his convictions and sentence. *See United States v. Clum*, 607 F. App'x 922 (11th Cir. 2015).

In 2016, Clum petitioned for a writ of habeas corpus, under 28 U.S.C. § 2241. His petition was filed in the Eastern District of Arkansas, where he was being held in custody. That court recharacterized his petition as a § 2255 motion to vacate and

transferred it to the Southern District of Florida, where he was sentenced. In recharacterizing the petition, the Arkansas district court informed Clum that he would be limited in his ability to file successive motions and gave him a chance to withdraw. Clum did not withdraw and his § 2255 motion was denied in the Southern District of Florida.

Last year, Clum filed a second § 2255 motion. He claims that he was actually innocent and did not participate in the conspiracy to file fraudulent tax claims. In support, he attached an affidavit from Penny Lea Jones, one of his codefendants, that he says he could not have procured at trial. He also claims that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which he says he only discovered during his initial § 2255 proceeding. And he claims that his trial counsel was ineffective when he stated that he was unable to review all the discovery evidence and by not calling Jones to testify in Clum's defense.

The district court sua sponte dismissed the motion for lack of jurisdiction because the motion was second or successive and filed without the permission of the court of appeals. Clum appealed the district court's order and the government now moves for summary affirmance.

## II.

We review de novo a district court's dismissal of a § 2255 motion as second or successive. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). Summary disposition is appropriate where

"the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

## III.

Section 2255 allows a federal prisoner to collaterally attack his conviction and sentence. *See* 28 U.S.C. § 2255(a). But the statute only authorizes a single motion as of right; a federal prisoner who wishes to file a second or successive motion to vacate must move the court of appeals for an order authorizing the district court to consider such a motion. *See id.* § 2255(h); *id.* § 2244(b)(3)(A). If a movant submits a second or successive § 2255 motion without first receiving authorization, a district court is without jurisdiction to hear the case and must dismiss the motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Clum's motion is second or successive because his initial § 2241 petition was recharacterized as a § 2255 motion and dismissed on the merits. A numerically second or successive § 2255 motion, however, does not always qualify as second or successive. *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011). When the basis for a numerically second or successive motion did not exist before proceedings on the initial § 2255 motion concluded, the claim falls within "a small subset of unavailable claims that must not be categorized as successive." *Id.* at 863. Claims that are based on facts that existed at the time of the first habeas petition but were not discovered until later are still

successive. *See id.* But a § 2255 motion filed based on the vacatur of prior convictions is not successive when the convictions were vacated after the movant's first § 2255 motion was filed. *See id.*

The factual predicates to support Clum's claims existed when he filed his initial § 2255 motion and there has been no intervening judgment. Clum says that the Jones affidavit, which he included in support of his misjoinder claim, was unavailable to him at the time of his first motion. But the facts that Jones attests to existed at the time of his trial and when he filed his first motion, so his claims based on this supposedly new evidence are still successive. *See id.* Moreover, the *Brady* violations occurred at his trial and before his initial § 2255 motion and his ineffective-assistance-of-counsel claim is based on information available to him at trial. Accordingly, Clum's motion is second or successive and the district court lacked jurisdiction to consider it. Because we have not permitted Clum to file a second or successive motion, the government's position is clearly correct as a matter of law.

The government's motion for summary affirmance is **GRANTED**.