[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12207
Non-Argument Calendar
_____

D.C. Docket Nos. 0:19-cv-60480-JIC,
0:15-cr-60079-JIC-2

KADEEM WILLINGHAM,

                                    Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                    Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 4, 2020)

Before MARTIN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kadeem Willingham, a federal prisoner proceeding pro se, appeals the district court's dismissal of his pro se 28 U.S.C. § 2255 motion to vacate his sentence. The government has moved for summary affirmance and a stay of the briefing schedule. We do summarily affirm the dismissal.

In 2015, a federal grand jury returned a twelve-count indictment charging Willingham with conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, attempted Hobbs Act robbery, and brandishing a firearm in furtherance of a crime of violence. Pursuant to a written plea agreement, Willingham pleaded guilty to two counts (Counts 3 and 8) of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In exchange for Willingham's guilty plea, the government dismissed the remaining counts. The district court sentenced Willingham to a 7-year mandatory minimum sentence on Count 3 to run consecutively with a 25-year mandatory minimum sentence on Count 8. Willingham filed no direct appeal.

In 2016, Willingham filed a counseled section 2255 motion to vacate his sentence in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The district court denied Willingham's motion on the

2

merits; both the district court and this Court denied Willingham a certificate of appealability.

In February 2019, Willingham filed pro se the section 2255 motion at issue in this appeal. Briefly stated, Willingham seeks relief under section 403 of the First Step Act of 2018, which amended section 924(c)(1)(C). Willingham contends that his 25-year mandatory minimum sentence on Count 8 must be vacated under the amended version of section 924(c).

The district court determined that Willingham's motion constituted an unauthorized second or successive section 2255 motion and was, thus, subject to dismissal for lack of jurisdiction. The district court also determined that -- even if Willingham's motion could be construed as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) -- Willingham was unentitled to relief because section 403 of the First Step Act was not made retroactive. This appeal followed.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

3

I.

We review de novo the dismissal of a section 2255 motion as second or successive. Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner who has filed a section 2255 motion to vacate is limited in his ability to file a "second or successive" section 2255 motion. Boyd, 754 F.3d at 1301. "If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion." Id. Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Willingham contends he is subject to no limitation on second or successive 2255 motions because his section 2255 motion relies on a "newly discovered fact": the enactment of the First Step Act. This argument is without merit. The enactment of the First Step Act constitutes no "newly discovered evidence" pertinent to whether a "reasonable factfinder would have found [Willingham]

4

guilty of the offense." See 28 U.S.C. § 2255(h)(1) (providing that a second or successive section 2255 motion must be certified as containing, in pertinent part, "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. . ..").

Because Willingham's section 2255 motion is "second or successive," and because Willingham has failed to receive authorization from this Court to file a successive section 2255 motion, the district court concluded properly that the motion was subject to dismissal for lack of jurisdiction.


II.


About a sentence-reduction motion, a district court may modify a defendant's sentence only to the extent permitted by statute. See 18 U.S.C. § 3582(c)(1)(B). "We review de novo a district court's conclusions about the scope of its legal authority under section 3582(c)(2)." United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).

Section 403 of the First Step Act provides expressly that the amendment to section 924(c) applies only to defendants not yet sentenced when the Act was

enacted.  First Step Act of 2018, Pub. L. No. 115-391, § 403(b) (amendments to section 924(c) "shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>." (emphasis added)).

Willingham was sentenced in September 2015: more than three years before Congress enacted the First Step Act on 21 December 2018.  By its plain language, section 403 is thus inapplicable to Willingham.  The district court concluded correctly that it lacked authority to reduce Willingham's sentence pursuant to section 403.

No substantial question exists as to the outcome of this appeal.  Because the government's position is correct as a matter of law, summary affirmance is appropriate.  <u>See Groendyke Transp., Inc</u>., 406 F.2d at 1162.  The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.