[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14137
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81174-KAM,
9:12-cr-80033-KAM-1

HARRY O. DORCH,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2020)

Before WILSON, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Harry Dorch, a federal prisoner proceeding pro se, appeals the district court's dismissal of his pro se 28 U.S.C. § 2255 motion to vacate. The government has moved for summary affirmance and a stay of the briefing schedule. We summarily affirm the dismissal and deny as moot the government's motion to stay the briefing schedule.

In 2012, Dorch pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). The district court sentenced Dorch under the Armed Career Criminal Act ("ACCA") to a mandatory minimum sentence of 180 months' imprisonment. Dorch filed no direct appeal.

In 2016, Dorch filed pro se a section 2255 motion to vacate his sentence in the light of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). The district court denied Dorch's motion. The court concluded that Dorch's ACCA-enhanced sentence was supported by at least three convictions for serious drug offenses. Both the district court and this Court denied Dorch a certificate of appealability.

In October 2019, Dorch filed pro se the section 2255 motion at issue in this appeal. By the motion, Dorch sought to withdraw his guilty plea. Briefly stated, Dorch argued that his conviction and sentence were unconstitutional in the light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).

The district court determined that Dorch's 2019 motion constituted an unauthorized second or successive section 2255 motion and was, thus, subject to dismissal for lack of jurisdiction. This appeal followed.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review de novo the dismissal of a section 2255 motion as second or successive. Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner who has filed a section 2255 motion to vacate is limited in his ability to file a "second or successive" section 2255 motion. Boyd, 754 F.3d at 1301. "If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion." Id. Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The district court determined correctly that Dorch's October 2019 section 2255 motion was second or successive.  Dorch had already filed a section 2255 motion in 2016, and the district court denied that motion on the merits.  Because Dorch failed to receive authorization from this Court to file a second section 2255 motion, the district court concluded properly that the 2019 motion was subject to dismissal for lack of jurisdiction.  See Farris, 333 F.3d at 1216.

No substantial question exists on the outcome of this appeal.  Because the government's position is correct as a matter of law, summary affirmance is appropriate.  See Groendyke Transp., Inc., 406 F.2d at 1162.  The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.