[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14333
Non-Argument Calendar
_____

D.C. Docket No. 3:03-cr-00134-RV-CJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES VALENTINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2020)

Before WILLIAM PRYOR, LAGOA and BLACK, Circuit Judges.

PER CURIAM:

James Valentine, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of an order denying his motion collaterally challenging a 21 U.S.C. § 851 enhancement on the ground that the California conviction underlying the enhancement was recently reduced to a misdemeanor. He asserts the district court erred by denying his motion to reconsider because California's Proposition 64 changed his prior conviction from a felony to a misdemeanor and, on that basis, his mandatory minimum sentence should have been 10 years' imprisonment rather than 20. After review,[1] we affirm the district court.

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence by asserting "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).

---

[1] We review the denial of a motion for reconsideration only for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). We review the district court's legal conclusions in a § 2255 proceeding *de novo* and its factual findings for clear error. *Id.* "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In 2006, Valentine pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii).  When Valentine was sentenced in August 2006, the penalty for violating § 841(a)(1) was a term of imprisonment of 10 years to life.  21 U.S.C. § 841(b)(1)(A)(ii) (effective July 27, 2006).  However, where an individual violated § 841(a)(1) after a prior conviction for a "felony drug offense" had "become final," the minimum term of imprisonment became 20 years.  *Id.*  A "felony drug offense" is defined as an offense that was "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs," and cocaine is a narcotic drug.  21 U.S.C. § 802(44) & (17)(D).

Because an § 851 enhancement is imposed by reason of a prior conviction, it can be applied to an individual's sentence only if the government filed a notice of the previous convictions it contends support the enhancement.  21 U.S.C. § 851(a)(1).  A defendant cannot challenge any prior convictions alleged in the notice that "occurred more than five years before the date of the information alleging such prior conviction."  *Id.* § 851(e).

In *Robert Johnson v. United States*, the Supreme Court held that a federal prisoner who had received a career offender enhancement could challenge the enhancement in a § 2255 motion after a prior state conviction underlying the

enhancement was vacated by the state court.  544 U.S. 295, 304-05 (2005).  The

Supreme Court further held that the state court's vacatur was a new "fact" within

the meaning of § 2255(f)(4) that triggered a renewed one-year limitations period to

file a § 2255 motion.  *Id.* at 305-08.  The Supreme Court noted, however, that a

prisoner must show due diligence in challenging his state court conviction to

trigger the renewed limitations period.  *Id.* at 308-310.  We have also recognized

post-judgment challenges to an § 851 enhancement as cognizable through a § 2255

motion.  *See Boyd v. United States*, 754 F.3d 1298, 1301-02 (11th Cir. 2014);

*Stewart v. United States*, 646 F.3d 856, 863-64 (11th Cir. 2011).

While the district court did not appear to consider Valentine's underlying

motion for relief as having been brought under § 2255, a collateral challenge to an

§ 851 enhancement is cognizable through a § 2255 motion.[2]  *See Johnson*, 544

U.S. at 304-05; *Stewart*, 646 F.3d at 863-64; *Boyd*, 754 F.3d at 1301-02.  Because

there is no dispute that Valentine previously filed a § 2255 motion that was time-

---

[2]  As an initial matter, contrary to the Government's assertions, Valentine's appeal is timely.  Valentine is not attempting to appeal the denial of his underlying motion for relief but only the district court's order denying his motion for reconsideration.  It is undisputed that his notice of appeal was timely as to that latter order.  Although Valentine's motion for reconsideration itself may not have been timely, as he filed it nearly two months after the district court entered its order denying the underlying motion, the district court nonetheless considered and denied it.  And Valentine signed and dated his notice of appeal 8 days later, designating the district court's order denying his motion for reconsideration as the order appealed from, which was well within the 60-day window for doing so.  *See* Fed. R. App. P. 4(a)(1)(B) (providing in civil cases where the United States is a party, the notice of appeal must be filed within 60 days of entry of the judgment or order appealed from).

4

barred, Valentine is subject to § 2244(a)'s ban on second or successive § 2255 motions without our prior authorization. *See* 28 U.S.C. § 2255(h) (providing in order to file a second or successive § 2255 motion, a prisoner must first obtain leave from our Court by showing that the motion contains either newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (stating without our authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion). However, the vacatur of a state court conviction can trigger a renewed limitations period in which to file a second § 2255 motion that is not "second or successive" within the meaning of § 2244(a). *See Stewart*, 646 F.3d at 863-64 (acknowledging a second-in-time § 2255 motion based on a state court's vacatur of an underlying conviction was not successive within the meaning of § 2244(a) since, as *Johnson* held, the vacatur was a new fact that triggered a renewed limitations period for filing a § 2255 motion);  *Boyd*, 754 F.3d at 1301-02 (determining a § 2255 motion based on a state court's later (after the initial § 2255 proceedings) vacatur of an underlying conviction could not be successive because such a claim had never been reviewed on the merits).

Even assuming *arguendo* that Proposition 64 resulted in a vacatur of Valentine's California conviction, he was not entitled to relief from his

5

§ 851-enhanced sentence based on the plain text of § 841(b)(1)(A) and § 851. First, § 841's enhanced sentence applies where a prior conviction for a serious drug felony "has become final." *See* 21 U.S.C. § 841(b)(1)(A).  There is no dispute that Valentine's California conviction was "final" prior to his commission of the § 841 offense.  *See id.*  Second, § 851 prohibits challenges to prior convictions entered more than five years before the Government's filing of an § 851 notice and, here, the Government filed its § 851 notice over six years after Valentine's California conviction was entered.  *See* 21 U.S.C. § 851(e).  Thus, regardless of whether Proposition 64 resulted in a vacatur of Valentine's California conviction, the district court did not err in determining that he was not entitled to relief from his § 851 enhancement.  Accordingly, the district court did not abuse its discretion by denying Valentine's motion to reconsider, and we affirm.

**AFFIRMED.**

6