[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11592
Non-Argument Calendar
_____

D.C. Docket Nos. 0:20-cv-60229-AHS; 0:96-cr-06165-AHS-1

JOE KENNETH WILLIAMS,

                                                    Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 24, 2020)

Before MARTIN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Joe Williams, a federal prisoner proceeding pro se, appeals the district court's dismissal of his second 28 U.S.C. § 2255 motion to vacate. The government has moved for summary affirmance and for a stay of the briefing schedule. We summarily affirm the dismissal and deny as moot the government's motion to stay the briefing schedule.

In 1998, a jury convicted Williams of carjacking, in violation of 18 U.S.C. § 2119, and of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The government sought an enhanced sentence -- under the "three strikes" provision in 18 U.S.C. § 3559(c)(1): Williams had two prior Florida convictions for serious violent felonies. The sentencing court applied the enhancement and sentenced Williams to two consecutive terms of life imprisonment. We affirmed Williams's convictions and sentences on direct appeal.

In 2017, Williams pro se filed his first section 2255 motion to vacate. Williams challenged his enhanced sentence as "no longer lawful" in the light of the Supreme Court's decisions in Descamps v. United States, 133 S. Ct. 2276 (2013), and Johnson v. United States, 135 S. Ct. 2551 (2015). The district court dismissed

2

Williams's motion as time-barred, concluding that Williams was unentitled to equitable tolling. Williams filed no appeal.

In January 2020, Williams filed another section 2255 motion, the one in issue in this appeal. Williams again sought to challenge the lawfulness of his enhanced sentence under section 3559(c)(1).

The district court determined that Williams's 2020 motion constituted an unauthorized second or successive section 2255 motion and was, thus, subject to dismissal. The district court later denied Williams's motion for reconsideration. This appeal followed.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review de novo the dismissal of a section 2255 motion as second or successive. Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner who has filed a section 2255 motion to vacate is limited in

his ability to file a "second or successive" section 2255 motion. Boyd, 754 F.3d at 1301. "If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion." Id. Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The district court determined correctly that Williams's 2020 section 2255 motion was second or successive. Williams had already filed a section 2255 motion in 2017. The district court dismissed that motion as procedurally time-barred. For second-or-successive purposes, the dismissal of a habeas petition as time-barred constitutes an adjudication on the merits. See Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325-26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, [petitioner] lost his one chance to obtain federal habeas review of his 1998 judgment."); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (stating that a dismissal of a habeas petition as untimely was with prejudice for successive purposes).

Because Williams's 2020 motion was "second or successive," and because Williams has received no authorization from this Court to file a second section

4

2255 motion, the district court concluded properly that the 2020 motion needed to be dismissed.  See Farris, 333 F.3d at 1216.

No substantial question exists on the outcome of this appeal.  Because the government's position is correct as a matter of law, summary affirmance is appropriate.  The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.