[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13790
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cr-00117-WS-N-2,
1:13-cr-00117-WS-N-2

DAVID PETERSEN,

Petitioner-Appellant

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 28, 2021)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

David Petersen, who is proceeding *pro se*, currently is serving supervised

release for his federal convictions for conspiracy to commit securities and wire

fraud, aiding and abetting securities fraud, and aiding and abetting wire fraud. After we affirmed his convictions and sentence[1] and the district court's decision denying his motion for a new trial[2], Defendant filed a motion to vacate his sentence and convictions under 28 U.S.C. § 2255.  The district court denied that motion and we denied Defendant's application for a certificate of appealability.

Defendant subsequently filed another motion to vacate his convictions and sentence.  The district court construed this motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed it without prejudice for lack of jurisdiction.  We affirm.

## I.    BACKGROUND

This appeal concerns the latest in a line of motions filed by Defendant challenging his convictions and sentence.  Following denial of a motion to vacate under 28 U.S.C. § 2255, Defendant filed a motion entitled "Motion to Vacate Conviction, Sentence, and Related Civil Orders."  Defendant deemed his motion "a claim in an independent action, or as a motion addressed to the inherent power of the court to set aside a judgment procured by fraud on the court."  He alleged violations of the Fifth, Sixth, and Fourteenth Amendments.  He requested that the court enter an "order GRANTING [his] request for vacation of the prior conviction

---

[1]  *United States v. Sencan*, 629 F. App'x 884 (11th Cir. 2015).

[2]  *United States v. Petersen*, 708 F. App'x 983 (11th Cir. 2017).

and restitution orders, and expungement of his arrest and conviction from the record."  The district court referred Defendant's motion to the magistrate judge.

The magistrate judge found that Defendant's motion must be construed as a second § 2255 motion.  The magistrate judge further found that "it plainly appears from the motion and the record of this case that [Defendant] is not entitled to relief because the motion is an unauthorized second or successive § 2255 motion that is due to be dismissed for lack of jurisdiction."

Defendant objected to the magistrate judge's report and recommendation.  In particular, Defendant asserted that his motion was not meant to be construed as a § 2255 motion.  Rather, Defendant argued his motion should be considered under Rule 60(b) of the Federal Rules of Civil Procedure.

The district court adopted the magistrate judge's report and recommendations, noting "[Defendant's] lengthy history of overlapping, redundant and often frivolous post-conviction motions."  The court found that [Defendant] is attempting once again to use artful (albeit misguided) pleading strategies to circumvent [the Antiterrorism and Effective Death Penalty Act] statutory prohibition on unauthorized second and successive § 2255 petitions."  Citing "[b]lack-letter binding precedent," the district court explained, as it had in denying one of Defendant's previous motions, that Rule 60(b) is not available to Defendant as a vehicle for relief from the underlying criminal judgment.  The district court

3

further found that, even if it could consider Defendant's motion on the merits, Defendant would not be entitled to relief because "[t]he issues, 'facts' and arguments presented . . . have been considered and rejected by this and other courts on the merits, often multiple times in multiple rulings." Accordingly, the district court dismissed for lack of jurisdiction Defendant's motion challenging his convictions and any portion of his sentence except for restitution.[3]

## II.    DISCUSSION

### A.    Standard of Review

We review *de novo* a district court's dismissal of a § 2255 motion as second or successive. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). We liberally construe a *pro se* motion and provide review on any legally justifiable ground. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

### B.    The District Court Properly Dismissed for Lack of Jurisdiction Defendant's Motion Challenging His Convictions and Sentence

Defendant argues, as he did below, that his motion should not be construed as a § 2255 motion and should instead be considered under Federal Rule of Civil Procedure 60(b). We agree with the district court's decision construing Defendant's motion as a second or successive § 2255 motion and dismissing it for lack of jurisdiction.

---

[3] The district court considered but denied the portion of Defendant's motion challenging restitution. Defendant did not appeal that portion of the district court's order.

Defendant moves to set aside his judgment which he contends was "procured by fraud on the court." The proper vehicle for challenging criminal judgments is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that the district court lacked subject matter jurisdiction necessary to provide Rule 60(b) relief where defendant's Rule 60(b) motion challenged criminal forfeitures). Because Defendant's motion seeks to challenge the trial proceedings and assert or reassert a claim for relief, instead of pointing out a defect in the integrity of his earlier § 2255 motion proceeding in this case, the district court did not err in construing Defendant's motion as a § 2255 motion[4] rather than a motion under Rule 60(b)[5] of the Federal Rules of Civil Procedure. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ("The operation and effect of

---

[4] We reject Defendant's suggestion that his motion cannot be construed as a § 2255 motion because he is "not incarcerated for purposes of this appeal." Under § 2255, the defendant must be "in custody" at the time of filing the motion and may raise claims that test the legality of the detention. 28 U.S.C. § 2255(a); *United States v. Brown*, 117 F.3d 471, 475, n.4 (11th Cir. 1997) (The nature of the pleading "must be determined as of the date it was filed."). However, a defendant serving a term of supervised release is "in custody" within the meaning § 2255. *Brown*, 117 F.3d at 475.

[5] Defendant's brief also cites Federal Rule of Civil Procedure 60(d) in addition to Rule 60(b). But whether Defendant's motion is construed as a motion under Rule 60(b) or 60(d)(1) or (3) does not alter the outcome. The instances of alleged fraud cited by Defendant on appeal relate to the trial proceedings. Regardless of the Federal Rule of Civil Procedure invoked, Defendant's motion constitutes an improper successive attack on the merits of the criminal judgment rather than a challenge to the integrity of the federal habeas proceedings.

[§ 2255(h)] would be undercut if new claims could be brought or old claims could be relitigated through the simple expedient of slapping a Rule 60(b) label on what is in all other respects a second or successive petition or motion.").

Moreover, we see no error in the district court's determination that Defendant's motion constitutes an impermissible second or successive § 2255 motion. Defendant's motion to vacate seeks to relitigate issues previously raised and rejected in his previous motions, including his original § 2255 motion, and is properly considered a second or successive motion. *See Stewart v. United States*, 646 F.3d 856, 859–63 (11th Cir. 2011) (recognizing only a "small subset of unavailable claims that must not be categorized as successive"). The Antiterrorism and Effective Death Penalty Act "dramatically limits successive attempts at habeas relief." *Id*. A district court may consider a successive motion only if it complies with 28 U.S.C. § 2255(h). This "gatekeeping provision" requires a second or successive motion to be certified by the court of appeals as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Here, Defendant did not seek, much less obtain, the required certification. Accordingly, the district court lacked jurisdiction to consider the

merits of Defendant's motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court.